IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY OF LOS ANGELES,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General, et al.,<br><br>Defendants-Appellants. | No. 18-55599 |

**APPELLANTS' MOTION TO EXPEDITE ISSUANCE OF MANDATE, OR TO STAY INJUNCTION PENDING ISSUANCE OF MANDATE**

Pursuant to Federal Rules of Appellate Procedure 27 and 41, Appellants respectfully move to expedite the issuance of the mandate, or, in the alternative, to stay the district court's injunction pending issuance of the mandate. Appellee opposes this motion.

**1.** The case involves a challenge to the Attorney General's administration of a grant program overseen by the Office of Community Oriented Policing Services (COPS Office) within the Department of Justice. The program, known as the COPS Hiring Program (CHP), provides localities with funds to hire or rehire law enforcement officers "for deployment in community-oriented policing." 34 U.S.C. § 10381(b)(1), (2).

Plaintiff, the City of Los Angeles, challenges aspects of the scoring system by which the COPS Office determines which applicants are eligible for the limited pool of available federal dollars. The district court enjoined two features of the Department's scoring system: the inclusion of "Illegal Immigration" as a focus area for CHP applications, and the assignment of additional points to jurisdictions that cooperate in specified ways with efforts to enforce the federal immigration laws with regard to aliens who are in the custody of state or local law enforcement. The government appealed, and, on July 12, 2019, this court reversed.

**2.** As is its usual practice, this Court withheld the issuance of the mandate until seven days after "entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of the mandate." Fed. R. App. P. 41(b). The Federal Rules of Appellate Procedure expressly provide that this Court "may shorten . . . the time" to issue the mandate "by order." *Id.*

**3.** The government respectfully requests that the Court immediately issue the mandate, so that the Department may begin the process of soliciting applications for the CHP grant program under the terms upheld by this Court. Because the system under which grant funds would be allocated has been the subject of dispute, the COPS Office has delayed the application process during the pendency of this appeal. In light of this Court's holding, the COPS Office intends to solicit grant proposals in a manner that incorporates the challenged scoring factors once the mandate issues.

Withholding the mandate would have the effect of further delaying the application process—to the detriment of jurisdictions nationwide who seek funding to hire or retain law enforcement officers—unless the government is prepared to forgo, for the entire grant cycle, the scoring factors that this Court upheld. It does so by effectively extending the erroneously issued injunction—for at least 45 days following the issuance of Court's opinion (the time that a party in this matter has to petition for panel rehearing or rehearing en banc under Federal Rule of Appellate Procedure 40(a)(1)), and potentially for a far longer period (seven days after the Court disposes of any timely petition that may be filed).

The process of soliciting applications for CHP funding usually begins long before any jurisdiction sees any money for the hiring or rehiring of officers. The longer the erroneous injunction is left in place, the greater its prejudicial effect on the jurisdictions that will receive awards under the grant program. The Department seeks to issue the awards by the end of the year, which would be jeopardized if the solicitation process does not begin soon. The grants issued under the program will fund approximately 2,100 officers who will address critical public safety issues such as violent crime and school safety.

4. Immediate issuance of the mandate will not prejudice plaintiff's ability to seek rehearing. As this Court held, the disbursal of funds in a given grant year does not render the case moot, given the likelihood that the issue will recur in future grant years. Op. 12-13. And this Court's rules do not prohibit a plaintiff from filing a

3

timely rehearing petition even if the mandate has already issued. *Cf.* Ninth Cir. R. 40-2 (requiring that in certain circumstances a "petition for rehearing shall be accompanied by a motion to recall the mandate").

Although plaintiff is procedurally entitled to seek rehearing, this plaintiff is exceedingly unlikely to obtain rehearing en banc, given the stringent standards that apply and the "limited nature of the dispute," Op. 15; *see* Fed. R. App. P. 35(a) (requiring a "majority of the circuit judges who are in regular active service" to order rehearing en banc, and providing that such rehearing may be appropriate only where "necessary to secure or maintain uniformity of the court's decisions" or where "the proceeding involves a question of exceptional importance"). In the unlikely event that the Court grants en banc rehearing in this matter, plaintiffs would be free to seek injunctive relief pending disposition of the en banc proceedings. That remote possibility does not justify further delaying the issuance of this year's grant funds, or compelling the Department to administer the grant program in accordance with a decision that a panel of this Court has deemed erroneous.

**5.** For similar reasons, if this Court were to decline to issue the mandate immediately, the government respectfully requests that the Court stay the district court's injunction pending issuance of the mandate. *See* Fed. R. App. P. 8(a). Plaintiff is unlikely to succeed in any request for further review. And, as explained above, the continuation of the injunction irreparably harms the government by putting it to the choice of acceding to the erroneous injunction or further delaying the issuance of

grants, to the detriment of local law enforcement nationwide and, thus, the public interest. Because the government primarily requests immediate issuance of the mandate (relief that only this Court can grant), and seeks to stay the injunction pending issuance of the mandate only in the alternative, the government has not first sought to stay the injunction in district court. If the Court reaches that issue, the Court should excuse exhaustion in district court because a panel of this Court has already reached, and decided, the question presented on appeal and held that the injunction was entered erroneously.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court expedite issuance of the mandate, or, in the alternative, stay the district court's injunction pending issuance of the mandate.

Respectfully submitted,

MARK B. STERN
DANIEL TENNY

*s/ Brad Hinshelwood*
BRAD HINSHELWOOD
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7256*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-7823*
  *bradley.a.hinshelwood@usdoj.gov*

JULY 2019

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1,048 words, according to the count of Microsoft Word.

          *s/ Brad Hinshelwood*
          BRAD HINSHELWOOD
          Counsel for Defendants-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                                *s/ Brad Hinshelwood*
                                                BRAD HINSHELWOOD
                                                Counsel for Defendants-Appellants