No. 18-55599

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**CITY OF LOS ANGELES,**
               *Plaintiff-Appellee*,

v.

**WILLIAM P. BARR, et al.,**
               *Defendants-Appellants*.

On Appeal From The United States District Court
For The Central District Of California

**PLAINTIFF-APPELLEE'S OPPOSITION TO MOTION TO EXPEDITE ISSUANCE OF MANDATE, OR TO STAY INJUNCTION PENDING ISSUANCE OF MANDATE**

Mitchell A. Kamin
Neema T. Sahni
Jessica R. Hanson
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
(424) 332-4800

David M. Zionts
Ivano M. Ventresca
Benjamin L. Cavataro
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000

Michael N. Feuer
   *City Attorney*
James P. Clark
   *Chief Deputy City Attorney*
Kathleen A. Kenealy
   *Senior Assistant City Attorney*
Leela A. Kapur
   *Executive Assistant City Attorney*
Valerie L. Flores
   *Managing Senior Assistant City Attorney*
Michael Dundas
   *Deputy City Attorney*
200 North Main Street, City Hall East Suite 800
Los Angeles, California 90012
(213) 978-8344

*Attorneys for Plaintiff-Appellee City of Los Angeles*

On April 11, 2018, the district court enjoined the Department of Justice ("DOJ") from granting preferential treatment to applicants for COPS Hiring Program ("CHP") grants based on two immigration-related considerations. For more than 15 months, DOJ did not seek a stay of that injunction, either from the district court or this Court. Now, following the divided panel's ruling reversing the district court, DOJ seeks to short-circuit the ordinary operation of the Federal Rules of Appellate Procedure and return this case to the district court before the City's rehearing petition is addressed. There is no basis for that unusual request, which DOJ concedes is contrary to the Court's "usual practice." Mot. 2. And contrary to DOJ's conclusory assertions, it will not be prejudiced by the mandate issuing in the ordinary course following resolution of the City's petition. DOJ is free to begin issuing solicitations any time it chooses, and the City's pending rehearing petition will likely be resolved by the time DOJ wishes to make grant decisions.

1. The premise of DOJ's motion is that it cannot "begin the process of soliciting applications for the CHP grant program" until the district court's injunction is lifted. Mot. 2. Issuing those solicitations soon, DOJ represents, is necessary for DOJ to proceed on its preferred timetable of awarding grants by the end of the year. Mot. 3. But the premise that DOJ is presently unable to issue solicitations is unexplained in the motion, and in fact it is wrong.

1

DOJ is presently enjoined "from imposing the Challenged Considerations in future CHP grant cycles." Dist. Ct. Dkt. 75. Nothing in that injunction prevents DOJ from issuing solicitations. DOJ is free to issue solicitations any time it wishes, and could have done so at any point in time over the past 18 months. Neither does the injunction prevent DOJ from informing applicants that it intends to use the Challenged Considerations in making grant determinations if the injunction is lifted. DOJ may even, if it wishes, inform applicants of the panel's ruling and express its view that there is only a "remote possibility" of further review (although DOJ expressed this view before seeing the City's petition, and the City strongly disagrees with DOJ's prediction of its merit). Mot. 4. Taking these steps, which remain fully available to DOJ without any action by the Court, would allow DOJ to proceed with the grant process on its preferred schedule.

 a. This is particularly apparent with respect to the Certification Consideration. Under that consideration, DOJ awards preferential treatment to applicants that certify that they will implement rules, policies, or practices providing the Department of Homeland Security ("DHS") access to local detention facilities and notice of detainee release dates and times. When DOJ first included the Certification Consideration in 2017, it did not do so in the solicitation. That solicitation, which issued in May 2017, stated only that "[a]dditional consideration . . . *may* be given" to "applicants that partner with federal law enforcement to

address illegal immigration." ER254-55 (emphasis added). DOJ did not actually adopt the Certification Consideration until September 2017. ER144-47. This was four months *after* the solicitations issued and two months *after* applications had been submitted.

Thus, the only time DOJ has ever used the Certification Consideration, it did not include it in its solicitations, but instead adopted it in a letter four months later. Plainly, the operation of the injunction against use of the Certification Consideration does not prevent DOJ from following a similar practice for the coming grant cycle: issue solicitations now, and decide whether to use the Certification Consideration later in the process. It is highly likely that the City's pending petition for rehearing will be resolved by the time DOJ wishes to make grant decisions at the end of this year.

b. The same is true with respect to the Focus Area Consideration. Under that consideration, DOJ will give preferential treatment to applicants making a grant proposal to "focus on partnering with the federal law enforcement to address illegal immigration for information sharing, 287(g) partnerships, task forces and honoring detainers." ER70.

Unlike the Certification Cooperation, this consideration was offered in the solicitation itself during the 2017 grant cycle. Yet as explained above, the injunction does not prevent DOJ from issuing new solicitations today that include

3

the same consideration. If rehearing is denied, as DOJ says it expects, then by the time grant decisions are made at the end of the year, DOJ will be free to provide preferential treatment to applicants that choose the Illegal Immigration Focus Area. If DOJ is concerned that rehearing may in fact be granted, it is free to notify applicants that the Focus Area remains the subject of a pending petition in this Court. DOJ is even free to invite applicants choosing the Illegal Immigration Focus Area to make a back-up proposal, if they wish, in the event that it is unavailable by the time grant decisions are eventually made.

This does mean that there would be some uncertainty concerning the availability of the Illegal Immigration Focus Area at the time solicitations are issued. But critically, *the exact same* uncertainty would persist under the unusual procedure that DOJ proposes. DOJ concedes that rehearing remains procedurally possible. Mot. 4. It further recognizes that if the mandate issues and the Court subsequently grants rehearing, the City "would be free to seek" recall of the mandate and/or "injunctive relief pending disposition of the en banc proceedings." Mot. 3-4. And though DOJ frames this in terms of what the City is "free to seek," if rehearing were granted, then presumably the en banc court would decide to maintain the injunction in effect, particularly since DOJ did not previously seek a stay pending appeal. Thus, even if the Court were to grant DOJ the relief it seeks, and DOJ proceeds to issue solicitations including the Illegal Immigration Focus

Area, the eventual use of that Focus Area would be subject to the same legal cloud that exists today.

2. Because DOJ can proceed with grant solicitations on its preferred schedule without the extraordinary relief it seeks, DOJ's motion may be denied without the panel needing to take a view on the likelihood that en banc rehearing will be granted. Respectfully, however, the possibility of rehearing en banc being granted is far from "remote." Mot. 4. The panel decision was issued over a lengthy dissent. It concerns a fundamental separation of powers question: what one member of the panel considered a "usurp[ation]" of federal funds away from their express statutory purpose. Dissent 34. A different panel of this Court has recognized "the importance and divisiveness" of the underlying question of State and local participation in federal immigration enforcement. *San Francisco v. Trump*, 897 F.3d 1225, 1234 (9th Cir. 2018). And another circuit has found that DOJ's position in related litigation "evinces a disturbing disregard for the separation of powers." *City of Chicago v. Sessions*, 888 F.3d 272, 283 (7th Cir. 2018). With such weighty issues at stake, and one member of the panel persuaded by the City's position, there is at least a reasonable chance – and hardly a "remote" one – that the full Court will decide that rehearing is warranted.

3. The City shares DOJ's professed interest in a resumption of the COPS Hiring Program.[1] To that end, the City has filed its rehearing petition weeks before it is due. Further, as the City informed DOJ prior to the filing of its motion, the City is willing to join a request by DOJ for expedited consideration of the rehearing petition, so that all parties can have clarity going forward as soon as reasonably possible.

In light of the City's efforts to file its rehearing petition early, it should not be difficult for that petition to be resolved with more than enough time for DOJ to proceed with the grant on its preferred schedule. DOJ has said it would like to "issue the awards by the end of the year." Mot. 3. As explained above, nothing prevents DOJ from immediately issuing solicitations for those grants, and including within those solicitations its intent to use the Challenged Considerations. If DOJ is correct in predicting that the City's rehearing petition will be denied, the mandate should issue in the ordinary course with more than enough time for the considerations to be used by the end of the year. If, on the other hand, rehearing is granted, then the entire premise of DOJ's motion will have proved flawed. At that

---

[1] Of course, if the continuation of the grant program were a priority for DOJ, it would not have suspended it entirely during the pendency of the appeal. Indeed, it is not clear on what legal basis DOJ decided not to spend during fiscal year 2018 the funds Congress appropriated for that program for fiscal year 2018. Nothing prevented DOJ from seeking an immediate stay of the injunction pending appeal, and then administering the grant with or without the enjoined considerations for that fiscal year, depending on the outcome of such a stay request.

point there would be no reason for the injunction to be lifted pending further appellate review that the full Court has deemed warranted, particularly in view of DOJ's decision not to seek a stay of the injunction at the outset of this appeal. Of course, it would remain open at that stage for DOJ to request, albeit belatedly, a stay from the en banc Court.

Since there is no prejudice to any party in simply adhering to the normal operation of the Rules – particularly following the City's decision to file its rehearing petition early – there is no need to grant DOJ the unusual relief it seeks. DOJ's motion should be denied.[2]

---

[2] In the event that the City's petition for rehearing or rehearing en banc is denied, the City would have no objection to immediate issuance of the mandate following such an order.

DATED:   August 2, 2019       Respectfully submitted,

                              *s/* Michael N. Feuer
                              Michael N. Feuer
                                *City Attorney*

Mitchell A. Kamin             James P. Clark
Neema T. Sahni                  *Chief Deputy City Attorney*
Jessica R. Hanson             Kathleen A. Kenealy
COVINGTON & BURLING LLP         *Senior Assistant City*
1999 Avenue of the Stars        *Attorney*
Los Angeles, California 90067 Leela A. Kapur
(424) 332-4800                  *Executive Assistant City*
                                *Attorney*
David M. Zionts              Valerie L. Flores
Ivano M. Ventresca              *Managing Senior Assistant*
Benjamin L. Cavataro            *City Attorney*
COVINGTON & BURLING LLP      Michael Dundas
One CityCenter                  *Deputy City Attorney*
850 Tenth Street NW          200 North Main Street, City Hall
Washington, DC 20001         East Suite 800
(202) 662-6000               Los Angeles, California 90012
                             (213) 978-8344

*Attorneys for Plaintiff-Appellee City of Los Angeles*

8

## CERTIFICATE OF COMPLIANCE

This opposition complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman and 14 point font, and with Fed. R. App. P. 27(d)(2)(A) because it contains 1,645 words.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 2, 2019.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/* Michael N. Feuer
Michael N. Feuer
*City Attorney*

*Attorney for Plaintiff-Appellee
City of Los Angeles*
