IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY OF LOS ANGELES,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General, et al.,<br><br>Defendants-Appellants. | No. 18-55599 |

**REPLY IN SUPPORT OF APPELLANTS' MOTION TO EXPEDITE ISSUANCE OF MANDATE, OR TO STAY INJUNCTION PENDING ISSUANCE OF MANDATE**

The government filed a motion to immediately end the district court's injunction that a panel of this Court has held was improperly issued. The practical effect of granting that relief would be that the government could move forward with the grant program in the form approved by this Court while this Court evaluates Los Angeles's rehearing petition. Los Angeles purports to share the government's interest in moving forward with the grant program. Opp. 6. And Los Angeles does not seriously suggest that the government should be forced to jettison the challenged considerations that have been upheld by this Court. Instead, Los Angeles suggests that the government should proceed as if the injunction will eventually be lifted, on the understanding that this Court will act on the rehearing petition before the government actually violates the injunction.

In particular, according to Los Angeles, grant solicitations should be sent out that include the considerations that have been enjoined. Opp. 3-4. But because the injunction will, absent action from this Court, preclude the government from actually taking those considerations into account when making grant awards, Los Angeles proposes that the government could "invite applicants choosing the Illegal Immigration Focus Area to make a back-up proposal, if they wish, in the event that it is unavailable by the time grant decisions are eventually made." *Id.* at 4. Los Angeles then asserts that forcing the government and applicants to follow this unorthodox procedure will cause "no prejudice to any party." *Id.* at 7.

Far from causing "no prejudice," Los Angeles's proposed approach would create numerous difficulties for the government and for all grant applicants. Los Angeles does not explain how much of the process it expects the government to complete as if there were no injunction in effect. Sending out the solicitation does the government and applicants little good if applicants cannot begin preparing proposals in response. But Los Angeles does not identify any existing mechanism for submitting a "back-up proposal," and setting up a procedure for doing so would be complicated and time consuming if it were even possible. Los Angeles also appears to contemplate that applicants would prepare two separate grant applications, without explaining why forcing applicants to do so would not constitute "prejudice." Moreover, the government cannot simply learn the day before grants are issued which considerations are permissible and which are not. Instead, the government must

score each application and rank it against all the other applicants in the pool, a process that requires knowing the rules under which each application should be scored. Delays in the scoring process will slow down the issuance of awards.

Los Angeles expresses confidence that its rehearing petition will be acted on before the grant decisions are made. Opp. 6. If Los Angeles is correct about the timing, then it is the government's proposal that causes no prejudice to any party. If solicitations are sent out including the challenged considerations, and then the petition is denied, the challenged decision will be considered just as the panel's opinion contemplates. And if rehearing is granted—so long as Los Angeles is also correct that if rehearing is granted, the full Court will "maintain the injunction in effect," Opp. 4—the government will be prohibited from considering the challenged considerations, and Los Angeles will not be prejudiced.

The resolution of this motion will have practical significance if the government wishes to do something inconsistent with the district court's injunction before this Court rules on the rehearing petition. And Los Angeles does not even attempt to explain why the government should be required to abide by an injunction that a panel of this Court has reversed. Instead, its entire response is devoted to an unsuccessful attempt to demonstrate that the government's actions will not actually be affected by the injunction, so that there is "no need" to grant the government's motion. Opp. 7. Los Angeles's mistaken suggestion that the government may be able to skirt the

3

injunction long enough to render this motion moot provides no basis for denying the motion.

                                        Respectfully submitted,

                                        MARK B. STERN

                                        *s/ Daniel Tenny*
                                        DANIEL TENNY
                                        BRAD HINSHELWOOD
                                            *Attorneys, Appellate Staff*
                                            *Civil Division, Room 7215*
                                            *U.S. Department of Justice*
                                            *950 Pennsylvania Avenue NW*
                                            *Washington, DC 20530*
                                            *(202) 514-1838*

                                          *daniel.tenny@usdoj.gov*

AUGUST 2019

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this reply complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C), because it contains 692 words, according to the count of Microsoft Word.

                                        *s/ Daniel Tenny*
                                        DANIEL TENNY
                                        Counsel for Defendants-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                        *s/ Daniel Tenny*
                                        DANIEL TENNY
                                        Counsel for Defendants-Appellants